UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CR-00151-DCLC-CRW |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On October 19, 2021, Defendant filed a Motion to Exclude Mask Requirement and a Motion to Continue Trial [Docs. 528, 529]. The Court conducted a hearing on October 20, 2021, to address the motions. In his Motion to Exclude Mask Requirement, Defendant's counsel argued that requiring him to wear a mask during portions of the trial when he is not presenting evidence or speaking to witnesses would impede his ability to represent his client and violate Defendant's constitutional rights [Doc. 528, pgs. 1-10]. He keenly noted that the Court was "not a medical provider nor [was it] licensed to practice medicine . . . ." and, thus, should not require masks in the courtroom [*Id.*, pg. 1]. Defendant's counsel then shamelessly protested that the Court was "simply embrac[ing] the ideas of others that[] there is a deadly virus." [*Id.*, pgs. 1, 4].

Fortunately for us all, it does not take a "license[] to practice medicine" to observe that we are in the midst of a deadly pandemic. As of the filing of this order, COVID-19 has killed approximately 728,000 people in the United States. In the counties that comprise the Northeastern Division in this District, COVID-19 has killed 1,778 people. The word "deadly" does not begin to capture the true impact that the COVID-19 pandemic has had on this country and this District, and Defendant's counsel's insinuation to the contrary is a severe mischaracterization. At the

hearing, the Court explained to Defendant and his counsel that the precautions put in place have enabled the Court to hold several jury trials and conduct other in-person hearings successfully over the past year—all without incident. Thus, Defendant's Motion to Exclude Mask Requirement [Doc. 528] is **DENIED** under this Court's standing order entered on September 30, 2021, which details the precautions that presiding judges may take to ensure that all participants in a trial remain safe during the ongoing pandemic. *See* SO-21-14.

Next, at that same hearing, Defendant's counsel addressed his Motion to Continue Trial [Doc. 529] and urged the Court to cancel the upcoming jury trial because his client was "terrified" of coming to court and contracting COVID-19. Defendant's counsel argued that holding a trial under the Court's current COVID-19 protocols violates his client's constitutional rights [*Id.*, pgs. 1-8]. However, when Defendant's counsel saw that the prognosis for that argument was not optimistic, he abandoned that position and claimed he needed more time to meet with Defendant in person and review their trial preparations. Indeed, he stated that Defendant's serious, and potentially fatal, health conditions had prevented them from meeting in person up until that point.[1] He advised the Court that Defendant may have only "two months" (or maybe "six years") to live but that, regardless of how much time his client had left, the pandemic had hindered their joint preparation for the case. The Court asked Defendant whether he needed more time given his current health concerns, and he responded that he did.

The Court finds that the failure to grant a continuance, based on Defendant's amended motion made at the October 20th hearing, would deny Defendant's counsel the reasonable time necessary for effective preparation. Under the Speedy Trial Act, any period of delay resulting

---

[1] Given Defendant's serious health conditions, Defendant's counsel's decision to move to exclude the use of masks during trial is all the more perplexing.

"from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial[]" is considered "excluded." 18 U.S.C. § 3161(h)(7)(A). The Court finds that the failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation." *Id.* § 3161(h)(7)(B)(iv). Therefore, all time between the filing of this order and Defendant's new trial date is hereby declared "excludable time" under the Speedy Trial Act.

To be sure, this order is a bitter pill to swallow for the Government, and certainly for the Court, but it is the proper treatment given the diagnosis. Although it might not be what the doctor ordered, to the extent that Defendant's Motion to Continue Trial [Doc. 529] is based on the need to adequately prepare for trial, his motion is well-taken and **GRANTED**. The trial in this matter currently set for November 8, 2021 is hereby **CANCELLED**. The jury trial is continued until **February 15, 2022**. The parties shall have until **January 14, 2022**, to file a plea agreement in this case.

**SO ORDERED**:

s/ Clifton L. Corker
United States District Judge